O’Neall J.
delivered the opinion of the Court.
It is true that at sales made by operation of law, or more properly speaking, under process from a Court of general, or inferior jurisdiction, there is no implied warranty of title. But notwithstanding this is the general rule, it may be varied by express contract. At sales of this kind the delivery of the property, and the payment of the purchase money, are cotempora-neous. If an officer thinks proper to deliver the property, and to take a note for the price, under an agreement made before the sale, that its payment should depend upon his right to sell or receive the money, he may do so, and his contract would bind him. Such an agreement is not contradicting, varying, or adding to the note. It shews that the consideration of the note was his title legally to sell the property, or receive the money, and if in law his title in either of these respects is defective, the consideration has failed, and he cannot recover.
In this case, the true, and only question is, as the presiding Judge has stated it, “has an execution lodged in the sheriff’s office, priority over a constable’s execution, jjunior in date?” There can be no difficulty in answering the question in the affirmative. An execution from a Court of general jurisdiction, binds the goods of the defendant, from the day on which it is lodged in the sheriff’s office. 1 Brev. Dig. 325. A magistrate’s execution has no lien until levied. It appears that the executions in the sheriff’s office, had been lodged anterior to the levy in this case : and it followed, that even allowing the constable’s sale under the levy to be good, that they were entitled to the pro-' ceeds.
But it is perhaps necessary in this case, to go farther, and to make it the occasion of considering and deciding the effect, which the lodgement of an execution in the sheriff’s office, might have on sales under *288 levi°s subsequently made of magistrates’ executions. I admit in the outset, that a sale by the sheriff, under a junior execution, would be good. For having actually or constructively, both executions, the whole authority of the law is in him to make the sale, and it is his duty to apply the proceeds correctly. The lien on the goods, is discharged by his sale : for his levy-vests the property in bim, for the pur-pose of satisfying the liens by execution subsisting on the property. But I apprehend a tof ally different question is presented, when it is contended that the levy of an execution of an inferior jurisdiction, is to divest the prior lien of an execution of a superior jurisdiction. To discharge the lien of the latter, the proceeds of the sale must be paid over to it. For it is an incumbrance on the property entitled to be levied on it, to the extent of its value. If the proceeds of the sale are paid over to it, it is in effect, a levy and sale of the goods, under it. But if the sale by the constable, under a junior levy, could discharge the lien, without paying over to the senior execution, the proceeds, it would be an easy mode of defeating it, and would in effect, authorize the defendant to aliene his own property. By suffering judgment for a small amount before a magistrate, the defendant might under the execution issued, cause a constable to sell, perhaps, the only valuable article of property which he had, and thus be enabled to receive the surplus after satisfying the justice’s execution, and to put his execution creditors at defiance.
Where liens are purely constructive, and exist as at common law, even before the execution issues, I should be disposed to say in the language of Lord Ellenborough in the case of Payne v. Drew. 4. E. 545, “that where there are several authorities, equally competent to bind the goods of a party when executed by the proper officer, that they shall be considered as effectually, and for all purposes, bound by the authority which first attaches upon them, in point of execution, and under which an execution shall have been first executed.” But there is under the statute, no constructive lien of the execution from the teste of *289 the writ, its lien commences from the day on which it is delivered to the officer of the law to be executed. Its lien is then notorious and ought to be respected.
Hill, for the motion.
Williams, contra.
There is however another point of view deserving consideration; the authorities are not equal. The execution in the one instance, is by matter of record, and in the other it is not. The one has a subsisting lien,-the other has none, it barely authorizes a leyy to be made. This inferior process, cannot defeat the superior, by making a seizure. To have that effect, they must be of equal authority ; and must equally confer a lien from the lodgment.
I am satisfied that the non-suit was properly ordered : and the motion to set it aside is dismissed. (a)